UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH GRAUS,

        Plaintiff,                              CASE NO. 05-74199

-vs-                                          PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

HAROLD WHITE, Warden,

        Defendant.
_____/

## ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS; AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Establish Exhaustion of Administrative Remedies.

Plaintiff is an inmate housed at the Cotton Correctional Facility in Jackson, Michigan. On November 20, 2005, Plaintiff brought suit *pro se* against Defendant Harold White, the warden, alleging violations of the Eighth and Fourteenth Amendments of the United States Constitution, under Title 42 U.S.C. § 1983, and violation of the Michigan Constitution's Cruel and Unusual Punishment Clause. He alleges that Defendant failed to properly attend to his various medical needs, including surgery, and post-surgery related to an infected portion of his intestine.

Defendant contends that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, because he never filed a grievance against Defendant White himself.

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect

to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Sixth Circuit has stated that "it is not enough simply to follow the grievance procedure; in order to satisfy the administrative exhaustion requirement, the content of the grievances must be adequate, too." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  First, in *Curry v. Scott*, the Sixth Circuit held that a prisoner's grievance must identify each defendant named in the eventual lawsuit.  249 F.3d 493, 504-05 (6th Cir. 2001).  If the prisoner meets the first requirement, then the Sixth Circuit also requires the prisoner to "allege[] mistreatment or misconduct on the part of the defendant" in his grievance.  *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).  Noting the leniency of this standard, the *Spencer* court stated:

> This standard is not a particularly strict one:
>
>> In describing the alleged mistreatment or misconduct, . . . we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's [grievance]  gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.
>
> [*Burton*, 321 F.3d at 575]. This relaxed standard is consistent with the general practice of liberally construing pro se prisoners' filings.

*Spencer*, 449 F.3d at 725-726 (citations omitted).

Plaintiff filed a grievance on December 20, 2004, in which he names Dr. Case and Correctional Medical Services.  Plaintiff's Complaint names only warden Harold White as a defendant; no other alleged defendants have been served or officially named in this action.

Plaintiff concedes that Defendant White is not mentioned in the grievance in Step I, Step

2

II, or Step III.  Rather, Plaintiff argues that under the theory of *respondeat superior*, Defendant White is liable because he was ultimately responsible for the overall facility operation at Parnall Correctional Facility, and was on notice of the facts of the grievance because he reviewed it himself.

> The Sixth Circuit explicitly rejected this argument in *Curry*:
>
> The remaining rec-chain plaintiffs (Allen, Brooks, Cannon, Wells, and Williams) contend it was error for the district judge to dismiss their claims against Howard, the corrections officer who witnessed Scott's assault on them and allegedly failed to intervene. The district judge dismissed that claim because none of the prisoners complained about Howard's behavior, nor even mentioned Howard in their prison grievances. The district court, therefore, held that the prisoners' claims were not exhausted as to Howard.
>
> Plaintiffs argue that requiring prisoners to put forth all legal theories in their grievances imposes an unduly heightened pleading standard on § 1983 plaintiffs. Plaintiffs assert that prison personnel knew who was involved in the incidents that were the subject of their grievances and knew their respective roles. Because prison officials were aware of these facts, plaintiffs assert they were not required to identify every person against whom they had a grievance in their written complaints to prison authorities. Plaintiffs argue that an investigation into Howard's role in the incident would have flowed naturally from, or been encompassed within, even the most general grievance and, accordingly, nothing beyond the grievances they filed was required to institute administrative proceedings against Howard.
>
> The claim against Howard, however, is a separate claim, against a separate individual, premised on a separate and independent legal theory. Because Howard was not mentioned in the prisoners' grievances, SOCF did not know that the prisoners specifically had a grievance against him, so SOCF had no reason to pursue any claim or disciplinary action against Howard based on the prisoners' official complaints. As this Court stated in *Freeman v. Francis*, 196 F.3d at 644, "the importance of using the prison grievance process [is] to alert prison officials to problems." The plaintiffs' grievances may have alerted SOCF to problems with Scott, but they did not reasonably alert SOCF to problems with Howard.
>
> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be § 1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court. Thus, we affirm the district court's

decision to dismiss the plaintiffs' claims against Howard.

249 F.3d at 504-505.

Thus, under *Curry*, it is not enough for Plaintiff to allege that Defendant is liable based on *respondeat superior* or that Defendant was generally aware of the facts that comprised the basis of his Complaint to survive dismissal on the basis of failure to exhaust. Accordingly, the Court finds that Plaintiff's omission of Harold White from his grievance constitutes a failure to exhaust his administrative remedies as to White – the only named Defendant – and Plaintiff's Complaint must be dismissed.

**CONCLUSION:**

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss is GRANTED, and that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: _____

4